D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SCHOLARCHIP CARD, LLC,

        Plaintiff,

    -against-

TRANSWORLD SYSTEMS, INC. and
UNIVERSITY ACCOUNT SERVICE, LLC,

        Defendants.
------------------------------------------------------------------X

**ORDER**

17-CV-6296 (NGG) (SIL)

NICHOLAS G. GARAUFIS, United States District Judge.

    In this action, Plaintiff ScholarChip Card, LLC ("ScholarChip") asserts that Defendants Transworld Systems, Inc. ("TSI") and University Account Service, LLC ("UAS") have breached a number of contracts originally entered into between ScholarChip and UAS. (Compl. (Dkt. 1).) In brief, ScholarChip agreed to build a new software platform for UAS, a student-loan servicer owned and operated by TSI. (Id. ¶ 5.) ScholarChip agreed to develop the software platform ("eUAS") and host data centers that would service these student loans at a nominal monthly fee. (Id.) After the original agreements expired, ScholarChip alleges that it and UAS agreed that UAS would pay ScholarChip a rate that was higher than under the previous agreements to continue servicing eUAS and hosting the student loans, and that UAS has failed to pay the agreed-upon higher set rates and that it has refused to pay for any services rendered by ScholarChip from August 2017 to the present. (Id. ¶¶ 8-9.) In November 2017, TSI and UAS answered the complaint and filed fifteen counterclaims against ScholarChip. (Answer (Dkt. 12).) Discovery in this matter has been ongoing before Magistrate Judge Steven I. Locke. (See Jan. 17, 2018, Scheduling Order (Dkt. 30).)

    On July 30, 2018, Ethan Schulton, ScholarChip's former lead software developer, sent an email to UAS and ScholarChip announcing his plans to build and operate a loan servicing system

1

to compete with eUAS. (UAS Letter Requesting Preliminary Injunctive Relief ("UAS Mot.") (Dkt. 54) at 1.) On August 10, 2018, UAS filed suit in the United States District Court for the District of Oregon seeking a temporary restraining order ("TRO") enjoining ScholarChip from interfering with UAS's ability to transition to its new platform, directing ScholarChip to return UAS's data, and enjoining Schulton from operating a system relying on UAS's confidential information and from soliciting UAS's customers.[1] (Id. at 2.) See Compl., Univ. Accounting Serv., LLC v. Schulton, No. 18-CV-1486 (D. Or. Aug. 10, 2018) (Dkt. 1).

On August 21, 2018, with UAS's motion for a TRO still pending in the Oregon Litigation, ScholarChip moved this court to enjoin the Oregon Litigation. (ScholarChip Letter Requesting Injunction ("ScholarChip Mot.") (Dkt. 51) at 3-4.) UAS responded to ScholarChip's motion (UAS Resp. to ScholarChip Mot. (Dkt. 52)) and then, on August 27, 2018, submitted a letter requesting that the court deny ScholarChip's motion and that the court instead issue an order "enjoin[ing] ScholarChip from interfering with UAS's ability to transition to its new platform, and direct[ing] ScholarChip to expeditiously provide UAS its Confidential Information and Client Data, in a form, format and frequency requested by UAS" (UAS Mot. at 10). The court referred both motions to Judge Locke for a report and recommendation ("R&R"). (Aug. 23, 2018, Min. Entry (referring "any . . . requests for preliminary injunctive relief by the parties" to Judge Locke).)

At a hearing on August 29, 2018, Judge Locke recommended that this court deny both parties' motions. (Aug. 29, 2018, Min. Order (Dkt. 59).) As to ScholarChip's motion, Judge Locke found that the first-filed rule, pursuant to which "a district court may enjoin the suitor in a more recently commenced case from taking any further action in the prosecution of that case if

---

[1] The case filed by UAS in the District of Oregon is referred to as the "Oregon Litigation."

the claims presented in the second action should have been interposed as compulsory counterclaims in the suit pending before it," did not support entry of an injunction against the Oregon Litigation. (Tr. of Aug. 29, 2018, Hrg. ("Aug. 29 Tr.") (undocketed) at 79:7-12.) Judge Locke stated that this case and the Oregon Litigation are not similar enough because the parties, claims and facts of each case are different; that there would be no efficiency gain from an injunction; and that an injunction would increase the likelihood of inconsistent adjudications. (Id. at 79:25-83:13.) Judge Locke also recommended denial of UAS's motion on the grounds that "the admission of relevant evidence in support of that motion, as well as the decision on the motion, are both more appropriately directed to" the district court in Oregon. (Id. at 84:6-9; see id. at 83:21-84:5.)

No party has objected to the R&R and the time in which to do so has passed. See Fed. R. Civ. P. 72(b)(2). (See also Aug. 29 Tr. at 84:11-14 (noting that the 14 days in which to object "start to tick now" because "[t]here is not going to be a written decision").) The court therefore reviews the R&R for clear error. Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment; see Colvin v. Berryhill, 734 F. App'x 756, 758 (2d Cir. 2018) (summary order); Wider v. Colvin, 245 F. Supp. 3d 381, 385 (E.D.N.Y. 2017).

Finding no clear error in the R&R, the court ADOPTS the R&R (Dkt. 59) in full. Accordingly, ScholarChip's motion for a preliminary injunction (Dkt. 51) is DENIED WITH PREJUDICE and UAS's motion for a preliminary injunction (Dkt. 54) is DENIED WITHOUT PREJUDICE.

SO ORDERED.

Dated: Brooklyn, New York
January 17, 2019

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge